## McDowell v. McDowell

*Winifred H. Jones-Wenger*, for plaintiff.
*Ann B. Wood*, for defendant.

REILLY, *P.J.*, February 2, 1983—The facts in this matter are not in dispute. On June 10, 1980, plaintiff above-named filed a complaint in divorce, prior to the effective date of the Divorce Code of 1980. An answer and praecipe for a bill of particulars were filed on behalf of defendant, also above-named, on July 3, 1980.

Thereafter on February 17, 1982, plaintiff filed an application to proceed under the Divorce Code of 1980, which application was granted; and an amended complaint was then filed. Defendant filed an answer to the amended complaint and a counterclaim raising equitable distribution of property on March 6, 1982.

On June 4, 1982, plaintiff filed a petition for bifurcation of divorce, which petition was granted that same day by this court through a partial final decree in divorce, divorcing the parties from the bonds of matrimony, and an order in the nature of reservation of jurisdiction, specifically reserving jurisdiction over the issue of equitable distribution of marital property.

On September 17, 1982, defendant filed a petition purportedly amending her counterclaim of March 6, 1982, to include counts for alimony, alimony pendente lite, attorney's fees, costs and expenses. Plaintiff subsequently filed preliminary objections thereto in the nature of a motion to strike and demurrer. The mater is now before this court on said preliminary objections.

The issue to be resolved is whether, in a bifurcated divorce, the granting of a decree divorcing the parties from the bonds of matrimony, serves as a bar to any claims not then appearing as issues of record and over which the court does not specifically reserve jurisdiction.

This court agrees with plaintiff that the instant matter is controlled by the following provision of the Divorce Code, 23 Pa.C.S.A. §101, et seq.:

"§401. Decree of court.

• • •

(j) Whenever a decree of judgment is granted which nullifies or absolutely terminates the bonds

of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b). All duties, rights, and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage, shall cease and the parties shall, severally, be at liberty to marry again in like manner as if they had never been married, except where otherwise provided by law." Id., 23 Pa.C.S.A. §401(j).

Consistently therewith, Rule 1920.31(c) of the Pennsylvania Rules of Civil Procedure provides that:

"The failure to claim alimony, alimony pendente lite or counsel fees and expenses prior to the entry of a final decree of divorce or annulment shall be deemed a waiver thereof unless the court *expressly* provides otherwise in its decree . . . " Id., (Emphasis supplied.)

As previously mentioned, a final decree of divorce was granted to the parties in the instant matter on June 4, 1982, which disolved the bonds of matrimony between the two. Pursuant to the above-cited provisions, when such a decree is entered, all issues of property rights not otherwise expressly provided for by the court in its decree are deemed waived. That is to say, the court retains jurisdiction only over those issues expressly reserved by it in the divorce decree. All issues not expressly provided for in the decree are terminated by the divorce from the matrimonial bonds itself.

Here, the only issue provided for in the divorce decree of June 4, 1982, and reserved to the court is the issue of equitable distribution of property. At that point, all other claims including alimony,

alimony pendente lite, counsel fees and expenses were necessarily terminated by said decree, it being final with respect to all issues not specifically reserved by the court. See: 23 Pa.C.S.A. §401(j); Pa.R.C.P., 1920.31(c).

Wherefore, the court enters the following

## ORDER

Now, February 2, 1983, upon consideration of plaintiff's preliminary objections to defendant's amended counterclaim, it is the order of this court that the same be and are hereby sustained in accordance with the court's memorandum filed herewith.

It is the further order of this court that those counts of defendant's amended counterclaim raising claims for alimony, alimony pendente lite, attorney's fees, costs and expenses be and are hereby stricken.